## Freeman Estate

*Bickel & Ehrgood*, for accountant.

*Hoehling & Ogilley*, for executors of Margaret C. Buckingham.

*Weill, Nesbit & Lisenby*, for William C. Freeman.

EHRGOOD, P. J., January 22, 1948.—This matter is before the Orphans' Court of Lebanon County, Pa., on the following exception by William C. Freeman, and Provident Trust Company, of Philadelphia, executors under the last will and testament of Margaret C. Buckingham, deceased, to the petition for distribution accompanying the second and final account of Girard Trust Company, successor trustee under the last will and testament of Margaret C. Freeman, deceased:

"In paragraph 7th of her will testatrix gave and bequeathed the one half portion of the trust fund therein created, after the decease of either of her named daughters, to such person and for such uses as her said daughter, by last will and testament, should direct and appoint, and then provided 'in default of any such last will and testament, I direct the same shall be distributed as part of her estate under the intestate laws of Pennsylvania'. The daughter and life tenant, Margaret C. Buckingham, died leaving a last will and testament, but had previously released her power to appoint the said trust fund. Accordingly, the fund

now before the court for distribution should be added to her estate."

The Girard Trust Company, of Philadelphia, Pa., successor trustee, under the last will and testament of Margaret C. Freeman, late of the Borough of Cornwall, Lebanon County, Pa., deceased, filed its second and final account in the Orphans' Court of Lebanon County, Pa., on February 1, 1947, which account was confirmed nisi by said court on March 3, 1947. As part of said accounting, the said Girard Trust Company, trustee as aforesaid, also filed a "Statement of Proposed Distribution and Confirmation Absolute of Account" which contained the following averments of fact which are not in dispute. Decedent, Margaret C. Freeman, died January 20, 1894, leaving a will, dated July 25, 1893, duly admitted to probate in the office of the Register of Wills of Lebanon County, on January 30, 1894, remaining of record at Will Book H, page 103. Paragraph seventh of the last will and testament of said testatrix provides, inter alia, as follows:

"SEVENTH: I give and bequeath the sum of Four hundred thousand dollars ($400,000.) to the Girard Life Insurance, Annuity and Trust Company of Philadelphia, and its successors, IN TRUST to keep the same securely invested, and pay the net income thereof to my said daughters, Isabel and Margaret, in equal share during their natural lives, PROVIDED that no part of such income shall be liable to their debts, contracts or engagements, whether by assignment, anticipation or otherwise howsoever, but shall be payable by said Trustee to them only after the same shall have accrued, in person, and upon their respective receipts therefor: At and immediately after the decease of either of my said daughters, I give and bequeath the one-half portion of the said sum of Four hundred thousand dollars to such person, and for such uses, as my said daughter shall, by her last will and tes-

tament, direct and appoint, and in default of any such will, and testament, I direct the same shall be distributed as part of her estate under the intestate laws of Pennsylvania".

The accountant is a successor of the Girard Life Insurance, Annuity and Trust Company of Philadelphia, and it and its predecessors have at all times qualified and acted as trustee, in accordance with the provision of said will.

Isabel C. Freeman, daughter of testatrix, named in said paragraph seventh of said will, died on August 31, 1929, leaving a last will and testament duly probated in the office of the Register of Wills of the District of Columbia, wherein, under item 5 thereof, she, the said Isabel C. Freeman, testatrix aforesaid, exercised the power of appointment, hereinbefore referred to, in favor of her nephew, William C. Freeman, in the sum of $200,000 being an equal one-half portion of said fund held in trust, as aforesaid.

The balance before us for distribution represents the remainder of said trust fund held in trust for the use of Margaret C. Buckingham, for life.

Margaret C. Buckingham, on October 26, 1942, released and renounced her testamentary power of appointment under the trust created, as aforesaid, by instrument in writing, recorded in the Recorder's Office of Lebanon County, Pa., in Miscellaneous Book, volume 2, page 425, by reason of which release and renunciation the balance is before us for distribution, including the income from the trust fund, since October 15, 1946, the date of the death of said Margaret C. Buckingham, deceased.

The said Girard Trust Company, trustee as aforesaid, in its petition for distribution, requests this court to distribute the balance in its hands under the provisions of paragraph seventh of the will of said Margaret C. Freeman, deceased, to the next of kin of said Margaret C. Buckingham, deceased, under the intestate laws of the Commonwealth of Pennsylvania.

The next of kin of Margaret C. Buckingham is William C. Freeman, a nephew, who is of age, sui juris and a resident of the Borough of Cornwall, Lebanon County, Pa.

Provident Trust Company, of Philadelphia, and William C. Freeman, executors, under the last will and testament of Margaret C. Buckingham, deceased, who was entitled to the income from said trust during her lifetime, on to wit, February 7, 1947, filed a waiver of any income accounting in addition to the regular quarterly statements of receipts and disbursements of income, as well as principal, furnished decedent to July 30, 1946.

Exceptants contend that the balance for distribution, under the accounting aforesaid, should be distributed to William C. Freeman and Provident Trust Company, of Philadelphia, executors under the last will and testament of Margaret C. Buckingham, deceased, to be distributed by them as a part of the estate of the said Margaret C. Buckingham, deceased, under the intestate laws of Pennsylvania. With this contention we cannot agree.

It is clear that under the provisions of paragraph seventh of decedent's will, Margaret C. Buckingham received a legal life estate in the trust created therein, and thereby was only entitled to receive the net income from her one-half share of the trust for the period of her natural life, which said income was not liable for her debts, contracts, or engagements. In addition thereto, testatrix gave to said daughter a power of appointment by will as to her share in said trust, which said power of appointment Mrs. Buckingham refused to exercise by executing and recording a valid written instrument. It is, therefore, apparent that it was the intention of testatrix as ascertained from the language of her will, that her daughter should receive but the income from the corpus of her share of the trust fund for her life, and that testatrix did not intend to make any gift or bequest of the principal of

said trust to her said daughter, Margaret. It is also apparent that the daughter, Margaret, not only did not consent to have the principal of the trust distributed as a part of her estate, but took effective steps to see to it that the same would not be so distributed under the power of appointment granted her by her mother. We are of the opinion that the phrase used by decedent, "I direct the same shall be distributed as part of her estate under the Intestate Laws of Pennsylvania", cannot be construed to be a gift or bequest of the principal of the trust fund to the estate of the daughter, Margaret. As we view it, the intention of testatrix was that if the daughter, Margaret, did not exercise the power of appointment by her last will and testament the corpus of the trust shall be distributed to those persons who would inherit under the intestate laws of Pennsylvania, if the daughter, Margaret, died intestate, and the phrase "as part of her estate" should be read *as though a part of her estate*. Testatrix gave and bequeathed the corpus of the trust to the trustee to pay income to the daughters for life. With reference to the disposition of the corpus after their death, testatrix provided, "at and immediately after the decease of either of my said daughters, I give and bequeath the one-half portion of said sum of Four Hundred Thousand Dollars to such persons, and for such uses, as my said daughter shall, in her last Will and Testament, direct and appoint, and in default of said last Will and Testament I direct the same to be distributed as part of her estate, under the Intestate Laws of Pennsylvania." Clearly, testatrix did not intend to make a gift or bequest to her *deceased* daughters and her direction that the fund, upon failure of the exercise of the power of appointment, to be distributed under the intestate laws of Pennsylvania, relates purely to the identification of the distributees who shall be entitled to the corpus of the trust. We agree with counsel for the accountant, that the intention of testatrix, as ascertained by the language of her will, clearly negatives an intention that this fund should

become a part of the estate of either of her daughters under any circumstances. Testatrix, under paragraph seventh, has created a valid trust, clearly providing that the income accruing shall be paid to her daughters for their life only, and after their death, has provided for the method by which and to whom the principal or corpus of the trust shall be distributed. We are, therefore, of the opinion that distribution must be made of this fund under the will of testatrix, Margaret C. Freeman, to the distributees or remaindermen, who would inherit under the intestate laws of Pennsylvaina, as the next of kin of Margaret C. Buckingham, one of the daughters of said testatrix.

Wherefore, we will make the following

### ' Decree

And now, to wit, January 22, 1948, it is hereby ordered and decreed:

1. That the exceptions on behalf of William C. Freeman and Provident Trust Company, of Philadelphia, as executors under the last will and testament of Margaret C. Buckingham, deceased, filed July 11, 1947, to the proposed schedule of distribution filed by the Girard Trust Company, successor trustee, under the last will and testament of Margaret C. Freeman, deceased, are overruled and dismissed.

2. That the second and final account of the Girard Trust Company, successor trustee under the last will and testament of Margaret C. Freeman, deceased, confirmed nisi by the Orphans' Court of Lebanon County, on March 3, 1947, be and the same is hereby confirmed absolutely.

3. That the schedule of distribution accompanying the second and final account of said trustee is hereby confirmed absolutely, and distribution is hereby directed to be made in accordance with the provisions thereof, namely, to William C. Freeman, as nephew and next of kin of Margaret C. Buckingham, under the intestate laws of the Commonwealth of Pennsylvania.